### Russell Kilborn & another *vs.* Loring G. Robbins.

The assignee of a first mortgage may maintain a bill in equity to restrain the prosecution of a writ of entry against him in the superior court to foreclose a subsequent mortgage which embraces another lot now owned by the assignee of the second mortgage, and liable to contribute towards the payment of the mortgage debt.

CHAPMAN, J. This is a bill in equity alleging that on the 18th of June 1851 Joel Kilborn conveyed to Russell Kilborn, one of the plaintiffs, a tract of land containing fifty-four acres and thirty-three rods, and that Russell conveyed by quitclaim a portion of this land with the mills thereon to the other plaintiff, Mark Kilborn, on the 7th of April 1856. This land was subject to a mortgage which the said Joel had made to Charles N. Emerson on

the 5th of June 1849, embracing the whole of the land conveyed to Russell, and another lot called the Leavenworth Grove lot. The Grove lot was conveyed to the defendant by Joel Kilborn on the 12th of June 1849, and Emerson's mortgage and note were assigned to him on the 30th of November 1850. It further alleges that Emerson's note has been paid, and that the mortgage ought to be discharged. It also sets forth another mortgage made by Joel to Robert Kilborn prior to the mortgage above mentioned, namely, on the 13th of March 1849, which has been assigned to the plaintiff Russell. And it alleges that the defendant has brought writs of entry in the superior court, which are now pending against the plaintiffs severally, to recover possession of the lands held by them respectively. The prayer was that the defendant might be enjoined from proceeding with his said writs of entry, and for general relief.

The defendant demurs to this bill on the ground that the plaintiffs have an adequate and complete remedy at law, by defending the suits against them. This position might perhaps be correct, if Rev. Sts. *c.* 107, § 29, were now in force ; for this section would give to the plaintiffs all equitable defences in those actions that they could avail themselves of in a suit in equity. But in the General Statutes this section was omitted. A note at the close of *c.* 140 in the commissioners' report states the reason of the omission to be, that its provisions are covered by *c.* 112, which gives to this court full equity powers.

If the only defence to the defendant's writs of entry was that the note to Emerson had been paid, this might still be a full, adequate and complete defence. But if the mortgage to Robert Kilborn has any validity, this bill is the proper remedy for the plaintiffs. It is so, also, if the Grove lot is liable for contribution towards payment of Emerson's mortgage, as alleged in the bill ; and we cannot say, upon the allegations in the bill, that it is not thus liable.             *Demurrer overruled.*

*J. Tucker,* for the defendant.

*I. Sumner,* for the plaintiffs.